# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARTIN LUTHER PEYNADO**, | : | **CIVIL ACTION NO. 1:10-CV-2669** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **THOMAS DECKER, et al.,** | : | |
| Defendants | : | |

## MEMORANDUM

Presently before the court is a civil rights complaint filed by Martin Luther Peynado ("Peynado"), formerly a Bureau of Immigration and Customs Enforcement ("ICE") detainee incarcerated at the York County Prison, Pennsylvania. (Doc. 1.) Peynado seeks to proceed in forma pauperis. (Doc. 7.) For the reasons that follow, the motion will be granted solely for the purpose of the filing of the action and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. Allegations of the Complaint

Peynado contends that defendants violated his constitutional rights when they subjected him to prolonged detention and criminally prosecuted him for making false statements to ICE, in violation of 18 U.S.C § 1001(a)(2), and hindering removal, in violation of 8 U.S.C. § 1253(a)(1)(B) & (C). The tortured history of Peynado's removal proceedings were detailed by the United States Court of Appeals in the following manner:

Peynado illegally entered the United States from Jamaica for the first time on May 20, 1995. Immigration officials detained him upon entry because he attempted to use a fraudulent passport. At that time, Peynado made a sworn statement attesting that he was born in Bog Walk, Saint Catherine, Jamaica. Peynado was excluded from the United States and was shortly thereafter deported to Jamaica.

Peynado reentered the United States at some later, unknown time and, on February 21, 2007, was arrested and indicted in the Middle District of Pennsylvania for illegal reentry into the United States following deportation. Peynado pleaded guilty and during a presentence investigation he again stated that he was born in Bog Walk, Saint Catherine, Jamaica. Throughout those proceedings, Peynado maintained that he was a Jamaican citizen. Peynado was sentenced to time served of approximately five months.

Peynado once again affirmed that he was a citizen of Jamaica on November 1, 2007, while he was in prison. Seeking protection from removal to Jamaica, Peynado made a sworn statement to the Department of Homeland Security officials stating that he feared he would be murdered if he returned to Jamaica. He also swore that he was born in Saint Catherine, Jamaica and that he was a citizen of Jamaica and no other country. Based on these claims, on August 13, 2008, Peynado filed an application with the District Court for the Eastern District of Pennsylvania to stay removal. On this application, Peynado once again listed his country of citizenship as Jamaica.

On October 1, 2008, this Court denied his appeal of the District Court's denial of his request for a stay of removal. On a Bureau of Immigration and Customs Enforcement ("ICE") request form relating to his appeal, Peynado again indicated his country of citizenship as Jamaica. Peynado's removal from the United States was scheduled for November 19, 2008.

Peynado first claimed to be a citizen of Haiti on a petition for a writ of habeas corpus that he filed on November 16, 2008, in the District Court for the Middle District of

> Pennsylvania. This petition failed to indicate that Peynado was scheduled to be deported to Jamaica, nor did it reveal his previous assertions that he was a citizen of Jamaica. Rather, the petition requested release from custody because Haiti was refusing to accept the repatriation of deportees. Peynado also filled out another ICE request form on November 17, 2008, but this time he listed his country of citizenship as Haiti. The District Court denied Peynado's habeas corpus petition, but directed ICE to treat the petition as a request for release.
>
> Throughout his various proceedings, Peynado failed to produce documentation of his citizenship of either Jamaica or Haiti. In an attempt to verify his nationality, the government did not contact any of Peynado's family, but did contact Jamaican authorities, the United States embassy in Jamaica, and ICE, but could not find documentation related to Peynado's citizenship. Further, despite repeated warnings, Peynado failed to obtain travel documents from Jamaica or Haiti and did not assist in his removal in any way.
>
> On January 14, 2009, an indictment charged Peynado with making false statements to ICE, in violation of 18 U.S.C § 1001(a)(2), and hindering removal, in violation of 8 U.S.C. § 1253(a)(1)(B) & (C). On June 29, 2009, a jury found Peynado guilty of both counts and on October 28, 2009, he was sentenced to 21 months' imprisonment and three years' supervised release.
>
> Peynado filed a timely notice of appeal.

United States v. Peynado, 385 Fed. App'x, 97, 99-100 (3d Cir. 2010). On June 24, 2010, the appeals court affirmed the district court judgment that Peynado's false statements hindered his removal and that he did not aid in his removal as required by federal statute. (Id. at 101.)

3

In citing to ICE records, which now identify him as a citizen of Haiti, Peynado seeks a declaratory judgment that he was subjected to prolonged detention and falsely convicted and compensatory and punitive damages for claims of prosecutorial misconduct, prosecutorial deliberate deception of the court, and denial of due process. (Doc. 1, at 8, 12.)

## II. Standard of Review

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted . . . " 28 U.S.C. §1915(e)(2)(B)(ii). The applicable standard of review is the same as the standard for a 12(b)(6) motion. Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

4

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

5

**III.   Discussion**

Under  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), if a favorable judgment on a §1983 damages claim would "necessarily imply the invalidity" of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  "A state prisoner's § 1983 action is barred (absent prior invalidation)- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- if success in that action would necessarily demonstrate the invalidity of the confinement or its duration."  Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

Clearly, Peynado's complaint is subject to dismissal as his convictions of making false statements to ICE, in violation of 18 U.S.C § 1001(a)(2), and hindering removal, in violation of 8 U.S.C. § 1253(a)(1)(B) & (C), have not been invalidated and any decision in his favor would imply the invalidity of them.  And, affording him the opportunity to amend would be futile as the complaint is not merely deficient, but fatally flawed.

**IV. Conclusion**

Based on the foregoing, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2))(B)(ii).

An appropriate order follows.

                                                S/ Christopher C. Conner
                                                CHRISTOPHER C. CONNER
                                                United States District Judge

Dated:       February 8, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARTIN LUTHER PEYNADO,** | : | **CIVIL ACTION NO. 1:10-CV-2669** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **THOMAS DECKER, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 8th day of February, 2011, upon consideration of plaintiff's complaint (Doc. 1), it is hereby ORDERED that:

1. The application to proceed in forma pauperis (Doc. 7) is GRANTED for the sole purpose of the filing of the action.

2. The complaint (Doc. 1) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. Plaintiff's motion requesting a status of his case (Doc. 5) is DENIED as moot.

4. The Clerk of Court is directed to CLOSE this case.

5. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge